David A. Chami, AZ #027585
david@pricelawgroup.com
Tyler Holyfield, AZ #034668
tyler@pricelawgroup.com
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5529
F: (818) 600-5429

*Attorneys for Plaintiff,*
*Jeffrey Stuart*

## UNITED STATES DISTRICT COURT

## IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Stuart, | **No.: CV-18-04428-PHX-DLR** |
| Plaintiff, | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:** |
| v. | |
| BOKF, NA dba Bank of Arizona And Experian Information Solutions, Inc. | FAIR CREDIT REPORTING ACT, 15 USC § 1681 *et seq*., |
| Defendants. | |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jeffrey Stuart ("Plaintiff"), by and through his attorneys, alleges the following against BOKF, NA dba Bank of Arizona ("BOA") and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants"):

## INTRODUCTION

1.     This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Fair Credit Reporting Act or "FCRA") for credit reporting inaccuracies and illegal debt collection practices.

## PARTIES

2.     Plaintiff is a consumer, a natural person and who presently resides in Scottsdale, Maricopa County, Arizona.

3.     Defendant BOA is a furnisher, as defined in 15 U.S.C. § 1681s-2, with its principal place of business located in Tulsa, Oklahoma.

4.     Defendant Experian is a credit reporting agency, as defined in 15 U.S.C. § 1681a(f), with its principal place of business located in Costa Mesa, California.

## JURISDICTION

5.     The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

6.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transact business in this district, as such personal jurisdiction is established.

7.     At all relevant times, Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

8.     On or about March 25, 2008, Plaintiff purchased a home with the proceeds from a Bank of Arizona loan.

9.     In or around January 2013, the home was lost to a trustee sale.

10.     Because Arizona is an anti-deficiency state Plaintiff was not responsible for any remaining balance on the mortgage.

11.     On or about October 2, 2018, Plaintiff applied for a mortgage through Citibank for a property in New York City and was denied.

12.     On or about October 5, 2018, Citibank mailed Plaintiff a letter explaining he was denied due to the reporting of Experian.

13.     On or about October 17, 2018, Plaintiff checked his credit reports through Equifax, Experian, and TransUnion.

14.     Plaintiff noticed that Experian was reporting the Bank of Arizona mortgage with a balance owed of $625,642; Equifax and TransUnion were correctly reporting a $0 balance.

15.     On or about October 23, 2018, Plaintiff mailed a dispute letter to Experian; Plaintiff requested that the outstanding balance be corrected to reflect the actual balance of $0.

16.     Upon information and belief, Experian received the dispute letter.

FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL

17.     Furthermore, upon information and belief, Experian forwarded the dispute to BOA.

18.     On or about November 9, 2018, Experian responded to Plaintiff's dispute letter.

19.     Experian appears to have corrected the balance to reflect $0, however, it has inexplicably added an "F" under the payment history for November 2018.

20.     The "F" would indicate that Plaintiff had a foreclosure in November 2018, which is patently untrue.

21.     Due to Defendants' reporting, Plaintiff has already lost the ability to purchase a property and will continue to suffer harm while the Foreclosure reports on his credit report.

22.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm, arising from the injury to credit rating and reputation.

### FIRST CAUSE OF ACTION
**Defendant Experian's**
**Violations of the FCRA, 15 U.S.C. § 1681i and § 1681e(b)**

23.      Plaintiff incorporate by reference paragraphs one (1) through twenty-two (22) of this Complaint as though fully stated herein.

24.     The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

25.     The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

26.     Experian failed to conduct a reasonable reinvestigation of the inaccuracy that the

Plaintiff disputed in violation of 15 U.S.C. § 1681i by indicating that Plaintiff had a foreclosure in November 2018.

27.    Experian failed to review and consider all relevant information submitted by Plaintiff.

28.    Experian failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681e(b) by reporting that Plaintiff owed a balance on a mortgage that was foreclosed upon in an anti-deficiency state.

29.    As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiff has sustained damages.

30.    Experian's violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

**SECOND CAUSE OF ACTION**
**Defendant BOA's**
**Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

31.    Plaintiff incorporate by reference paragraphs one (1) through twenty-two (22) of this Complaint as though fully stated herein.

32.    On at least one occasion within the past two years, by example only and without limitation, BOA violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

33.    The FCRA requires a furnisher, such as BOA–after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

34.    Since January 2013 and until the present, BOA has provided inaccurate information to Experian.

35.     During that time, Plaintiff notified Experian that the reported account balance/status was incorrect and that the account was supposed to be reporting a balance of $0. Thereafter, Experian notified BOA that Plaintiff was disputing the information it had furnished to the credit reporting agency.

36.     BOA is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

      a.     Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

      b.     Willfully and negligently failing to review all relevant information concerning Plaintiff's mortgage;

      c.     Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

      d.     Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

      e.     Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

      f.     Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

      g.     Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

37.     BOA is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

//

//

//

1

## REQUEST FOR RELIEF

2    **WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

3 Defendants BOKF, NA dba Bank of Arizona and Experian Information Solutions, Inc. for

4 the following:

5 A.      Actual damages pursuant to 15 U.S.C. § 1681n(a);

6 B.      Statutory damages pursuant to 15 U.S.C. § 1681n(a);

7 C.      Punitive Damages pursuant to 15 U.S.C. §1681n(a)(2);

8 D.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(c) and

9 1681o(b);

10 E.      Any pre-judgment and post judgment interest as may be allowed under the law; and

11 F.      For such other and further relief as the Court may deem just and proper.

12

13    Respectfully submitted this 23rd day of May 2019.

14

15                                            **PRICE LAW GROUP, APC**

16                              By:/s/ *David Chami*

                                    David Chami

17                                    Price Law Group, APC

                                    8245 N 85th Way

18                                    Scottsdale, AZ 85258

                                    T: (818) 600-5515

19                                    F: (818) 600-5464

                                    david@pricelawgroup.com

20                                    *Attorneys for Plaintiff,*

                                    *Jeffrey Stuart*

21

22

23

24

25

26

27

28