David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
david@pricelawgroup.com

Beth Findsen, AZ #023205
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5575
F: (818) 600-5475
beth@pricelawgroup.com
*Attorneys for Plaintiff,*
*Jeffrey Stuart*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Stuart, | Case No.: CV-18-04428-PHX-DLR |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANT BOKF, NA DBA BANK OF ARIZONA'S MOTION TO DISMISS** |
| BOKF, NA, dba Bank of Arizona; and Experian Information Solutions, Inc., | |
| Defendants. | [Oral Argument Requested] |

Plaintiff Jeffrey Stuart ("Plaintiff") hereby submits the following Opposition to Defendant BOKF, NA dba Bank of Arizona's ("Defendant" or "BOKF") Motion To Dismiss Plaintiff's Amended Complaint for failing to state a claim upon which relief can be granted.

//

I.      **INTRODUCTION**

BOKF attempts to craft two disputes out of one, to disingenuously claim that BOKF failed to receive duty-triggering notice of **both** disputes, to seek dismissal of Plaintiff's complaint for violations of the Fair Credit Reporting Act.  But as plead, Plaintiff's dispute letter, sent October 23, 2018, clearly stated that his home had been lost to trustee sale in January 2013 and therefore he disputed that a balance of $625,642 could be owed BOKF.  Hence, the dispute encompassed the trustee sale, its timing, and the inaccurate reporting of an astronomical post-sale balance.

Despite this, BOKF moves for dismissal claiming that Plaintiff's notice of dispute with the credit reporting agencies for inaccurately reporting that Plaintiff owed BOKF $625,542 post-trustee sale debt on his credit report, representing a debt that Plaintiff no longer owed, did not **also serve as duty-triggering notice** of a dispute that it would be inaccurate to add a post-investigation "F" for foreclosure to the credit report as an entry for November 2018.  In essence, BOKF seems to argue that Plaintiff was required to **renew** his dispute of the post-trustee sale reporting of a foreclosure because BOKF foolishly added more harmful information about the tradeline in blatant disregard of the information provided in the dispute.  BOKF's Motion to Dismiss must be denied because Plaintiff has sufficiently plead that BOKF had notice of the post-trustee-sale date and nevertheless inaccurately reported current foreclosure, more than 5 years after the actual foreclosure occurred.   *See* Doc. 42, First Amended Complaint ("FAC"), ¶¶ 15-20, 32.

To survive a Fed. R. Civ. P. Rule 12(b)(6) Motion to Dismiss, Plaintiff is only required to plead that he discovered an inaccurate tradeline on his credit report, that BOKF had notice of it, and that BOKF failed to comply with 15 U.S.C. § 1681s-2(b)(1)(A)-(E). *Biggs v. Experian Info. Sols., Inc.*, 209 F. Supp. 3d 1142, 1144 (N.D. Cal. 2016) (citing *Corns v. Residential Credit Sols., Inc.*, No. 2:15-cv-1233-GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016). Because Plaintiff alleges BOKF's investigation was unreasonable, Plaintiff was not required to re-dispute the inaccurate

results of BOKF's investigation. Therefore, Plaintiff pleads sufficient facts to make his claim plausible under *Twombly/Iqbal* standard, and BOKF's motion to dismiss should be denied.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations [ ] it must plead 'enough facts to state a claim to relief that is plausible on its face.' " *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*.

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of

Evidence 201. *See, Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

## III.   ARGUMENT

### a. Plaintiff Pleaded The Required Elements Of a § 1681s-2(b) FCRA Claim, Including That BOKF Had Notice Of An Inaccuracy.

In order to state an FCRA claim "a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." *Biggs*, 209 F. Supp. 3d at 1144 (citing *Corns*, No. 2:15-cv-1233-GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016). Furthermore, the furnisher's investigation under 15 U.S.C. § 1681s-2(b)(1)(A) "may not be unreasonable." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009).

A furnisher's reasonable investigation under section 1681s-2(b)(1)(A) must be a "fairly searching inquiry" and "[a] consumer may show a violation of an information furnisher's duty under § 1681s-2(b)(1)(A) by showing that the furnisher's investigation was not reasonable." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012). Furthermore, whether an investigation is reasonable "is a factual question normally reserved for trial," unless the reasonableness of a furnisher's procedures is beyond question. *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008) (quoting *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). *See also Gorman*, 584 F. 3d at 1161 (stating that the consumer bears the burden of showing that a furnisher's investigation was unreasonable and that there is a causal relationship between the unreasonable investigation and the furnisher's failure to discover inaccuracies).

In its Motion to Dismiss, BOKF argues that Plaintiff did not allege that BOKF had notice of the inaccurate tradeline as it pertains to its foreclosure "F" status. MTD, pg. 1. However, Plaintiff adequately alleged that BOKF had notice by pleading the required elements of an FCRA claim pertaining to the disputed tradeline. FAC, ¶¶ 15-20, 32. BOKF attempts to evade its failure to comply with the FCRA by arguing that Plaintiff should be required to re-dispute the inaccurate results of a dispute regarding the same tradeline before liability is imposed, regardless of whether BOKF's investigation was unreasonable. MTD, pgs. 2-3. Therefore, BOKF violated 15 U.S.C. § 1681s-2(b)(1)(A) when it reported the inaccurate foreclosure "F" status after its **unreasonable investigation** of Plaintiff's dispute. Plaintiff was only obligated to put the BOKF on notice of how the tradeline was supposed to be reporting and he accomplished that in his original dispute.

Plaintiff alleges in his Complaint that he mailed a dispute letter to Experian regarding the BOKF mortgage and that Experian forwarded his dispute to BOKF. FAC, ¶¶ 15-16. This dispute gave the date of the trustee sale, the amount being incorrectly reported as due, and requested the error be investigated and fixed. Therefore, BOKF had notice that it was reporting the mortgage inaccurately. Next, Plaintiff alleges that a foreclosure "F" status was added to the payment history of the BOKF mortgage, which was patently untrue. FAC, ¶¶ 19-20. Thus, BOKF failed to rid the reported mortgage of inaccuracies by creating new ones. Finally, Plaintiff alleges that BOKF failed to fully and properly investigate Plaintiff's disputes. FAC, ¶ 32. Taking these three portions of Plaintiff's Complaint together, Plaintiff asserts that (1) he found the inaccurate BOKF tradeline on his credit report; (2) he disputed the inaccurate BOKF tradeline; (3) BOKF had notice of the inaccurate tradeline through Experian's actions; and (4) BOKF did not reasonably investigate the dispute, the result of which was an inaccurate foreclosure "F" status on Plaintiff's credit report.

Plaintiff has properly pleaded the required elements of an FCRA claim, as outlined in *Biggs*. Through discovery, Plaintiff may prove that BOKF conducted an unreasonable investigation in response to Plaintiff's dispute of the BOKF mortgage. Accordingly, this Court must deny BOKF's Motion to Dismiss.

### b. Plaintiff Is Suing For The Same Disputed Issue, Not A Different, Undisputed One As BOKF Suggests.

Defendant conveniently misinterprets Plaintiff's allegations by claiming that Plaintiff is suing BOKF for its failure to investigate the undisputed foreclosure "F" status. MTD, pgs. 2-3. In reality, the basis for Plaintiff's claim against BOKF is that BOKF violated the FCRA in response to Plaintiff's initial dispute. FAC, ¶¶ 15-20, 32. Therefore, Plaintiff is not suing for a different, undisputed issue; he is suing for the same, disputed issue that BOKF failed to reasonably investigate and thus resulted in a continued inaccurate credit report. *Id.*

BOKF's reliance on *Petty*, *Herisko*, *Jackson*, and *Wickstrom* is irrelevant because Plaintiff does not contend that he should be able to sue under 15 U.S.C. § 1681s-2(b) for an undisputed inaccuracy on his credit report.

In *Petty*, a consumer's FCRA claim against a credit reporting agency was dismissed. *Petty v. Equifax Info. Servs., LLC*, Civil Action No. CCB-10-694, 2010 U.S. Dist. LEXIS 113159, at *15 (D. Md. Oct. 25, 2010). The plaintiff initially stated that he was not liable for joint debts after his divorce and disputed those debts with credit reporting agencies. *Id.* at *2. Later, he conceded that the disputed information was accurate, and he was liable for the debt. *Id.* at *5. He sued a credit reporting agency for other inaccuracies that already existed, **not inaccuracies from a furnisher's unreasonable investigation**. *Id.* (emphasis added).

In *Herisko*, the plaintiff's claim survived until the summary judgment stage. *Herisko v. Bank of Am.*, 367 F. App'x 793, 794 (9th Cir. 2010). Summary judgment was granted when the district court found that the Plaintiff's credit report was accurate, and

there was no evidence that the credit reporting agency notified the furnisher of the inaccuracy. *Id.* Like in *Petty*, the furnisher **did not conduct an investigation that created new errors** concerning the plaintiff's disputed tradeline. *Id.* (emphasis added).

Likewise, in *Jackson* and *Wickstrom,* the plaintiffs were not suing for new inaccuracies that were created as a result of an unreasonable investigation by a furnisher. *Jackson v. Warning*, No. PJM 15-1233, 2016 U.S. Dist. LEXIS 172589, at *1-25 (D. Md. Dec. 13, 2016); *Wickstrom v. Experian*, No. 1:09-cv-591, 2010 U.S. Dist. LEXIS 65477, at *1-14 (W.D. Mich. July 1, 2010).

Here, BOKF conducted an unreasonable investigation in response to Plaintiff's dispute with Experian. FAC, ¶ 32. Unlike the furnishers in *Petty, Herisko, Jackson,* and *Wickstrom*, who did not report new inaccuracies on the same tradeline after an investigation, BOKF corrected the disputed account balance but added a new foreclosure "F" status despite the foreclosure date being listed in the dispute. FAC, ¶¶ 19-20. Essentially, the tradeline was more harmful to Plaintiff at the conclusion of BOKF's investigation than it was when Plaintiff disputed it. Plaintiff specifically contends that he disputed the accuracy of the BOKF mortgage with Experian, the dispute was forwarded to BOKF, and BOKF failed to properly investigate the dispute, evidenced by their decision to recklessly list a foreclosure "F" status on Plaintiff's credit report dated November 2018. FAC, ¶¶ 15-20, 32. **Plaintiff described the inaccurate foreclosure "F" status in his Complaint to support his allegation that BOKF did not properly investigate Plaintiff's dispute, not to allege that BOKF failed to investigate a second dispute**.

Since the success of Plaintiff's FCRA claim against BOKF does not rely on Plaintiff sending a second dispute to a credit reporting agency, this Court must deny BOKF's Motion to Dismiss.

## IV.    **CONCLUSION**

Plaintiff's dispute letter to Experian gave BOKF notice that the tradeline was inaccurate. Thus, BOKF knew that reporting an "F" status in response to Plaintiff's dispute was still inaccurate. Using BOKF's logic, a furnisher could indefinitely report new inaccuracies to the credit reporting agencies without ever correctly reporting the tradeline as a whole. Therefore, BOKF would not be liable for reporting new inaccuracies after a consumer's dispute because a consumer cannot give notice of a specific inaccuracy within a tradeline until it exists. Under BOKF's proposed notice pleading requirement, furnishers would be able to perpetually report inaccurate tradelines, free of liability. This is not the goal of the FCRA and dismissing Plaintiff's claim against BOKF would incentivize carelessness and force consumers to quality check the results of a furnisher's investigation.

Taking Plaintiff's allegations of material fact as true and construing them in the light most favorable to the nonmoving party indicates that BOKF had notice of Plaintiff's dispute and conducted an unreasonable investigation that resulted in a new inaccuracy on Plaintiff's BOKF tradeline. Therefore, because Plaintiff has pleaded sufficient facts to state a plausible claim for relief against BOKF under section 1681s-2(b) of the FCRA, BOKF's Motion to Dismiss should be DENIED.

Respectfully submitted this 11th day of July 2019,

By:/s/ *David A. Chami*
David A. Chami, AZ #027585
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464
david@pricelawgroup.com
*Attorneys for Plaintiff,*
*Jeffrey Stuart*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

PRICE LAW GROUP, APC

/s/*Elizabeth Nanez*